UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED

| | |
|---|---|
| LELAND FOSTER, individually,<br><br>              Plaintiff,<br>vs.<br><br>ESA P PORTFOLIO, LLC,<br><br>              Defendant. | Case No.:<br>6:14-CV-2021-ORL-37-KRS<br><br>INJUNCTIVE RELIEF SOUGHT |

## COMPLAINT
(Injunctive Relief)

Plaintiff, LELAND FOSTER ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against the Defendant, ESA P PORTFOLIO, LLC, ("Defendant"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the American with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

2. This Court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. §§ 2201 and 2202;

Case 6:14-cv-02021-RBD-KRS Document 1 Filed 12/08/14 Page 2 of 13 PageID 2

b. 28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

c. 28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is properly located in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391 (b) and Rule 1.02 (c) of the Local Rules of the United States District Court for the Middle District of Florida in that all events giving rise to the lawsuit occurred in Brevard County, Florida.

## PARTIES

4. Plaintiff, LELAND FOSTER, is an individual residing in Swanton, OH, in the County of Fulton, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. §12102(2), 28 C.F.R. 36.104. Plaintiff is diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to, walking and standing. Additionally, Plaintiff has difficulty grasping with his hands also as a result of his disability.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the subject property to avail himself of the goods and services

offered to the public at the property. The Plaintiff has encountered the barriers to access at the subject property and the barriers to access have endangered his safety.

6. Defendant, ESA P PORTFOLIO, LLC, owns, leases, leases to, and/or operates a place of public accommodation as defined by Title III of the ADA, 42 U.S.C. § 12181, 28 C.F.R. 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, leases, leases to and/or operates is commonly known as Extended Stay, located at 1701 Evans Road, Melbourne, FL 32904 (hereinafter "Facility").

7. Defendant, transacts business in the State of Florida and within this judicial district. Upon information and belief, the Defendant is the lessor, owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action.

8. Completely independent of the personal desires of the Plaintiff to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. The Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance

or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Facility annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Facility. In this instance, Plaintiff, in the Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers. Plaintiff suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

## COUNT I
## VIOLATION OF THE ADA

9. Plaintiff realleges and reavers Paragraphs One (1) through Eight (8) of this Complaint and incorporates them here as set forth in full.

10. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, et seq.

11. Congress found, among other things, that:

    (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public

           accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

    42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

12. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

    42 U.S.C. § 12101(b)(1)(2) and (4).

13. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R 36.302, no individual;

may be discriminated against on the basis of disability with regards to the full and equal

enjoyment of the goods, services, facilities, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

14. On or about February 6, 2014, the Plaintiff was a guest at the Facility and to the extent possible, accessed the Facility but could not fully do due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility.

15. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active Brevard County, FL adaptive and regular sports community, including in cycle, triathlon and 5k events. Additionally, Plaintiff has a close friend whom he visits every winter who resides permanently in Brevard County. Plaintiff has firm plans to spend a week in Brevard County in January 2015, and will in all likelihood return sooner. Plaintiff has an existing reservation to stay at this Facility.

16. Plaintiff, upon visiting the Facility, encountered the barriers to access, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the Defendant's violations of the ADA discussed below. Plaintiff plans to return to the property in January 2015, if not sooner, to avail himself of the goods and services offered to the public at the Facility but for the barriers in existence that deter him from doing so.

17. There are numerous architectural barriers present at the Facility that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces

of the Facility are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Part 36, Appendix A ("2010 Standards for Accessible Design").

18. The elements and spaces to which there are barriers to access at the Facility, which Plaintiff personally encountered include, but are not limited to the following:

a. Compliant directional signage is not provided at the entrance; in violation of section 216.6 of the 2010 Standards for Accessible Design.

b. The accessible route has an uneven surface; in violation of sections 303 and 403.4 of the 2010 Standards for Accessible Design.

c. There are ramp runs provided at the Facility that have running slopes steeper than the 1:12 maximum allowance, as prescribed in section 405.2 of the 2010 Standards for Accessible Design.

d. There are curb ramps that have uneven surfaces and a change in level at the terminus of the ramp; in violation of sections 303.3 and 405.4 of the 2010 Standards for Accessible Design.

e. There are ramps subject to wet conditions that are not designed to prevent the accumulation of water thus creating dangerous conditions; in violation of section 405.10 of the 2010 Standards for Accessible Design.

f. In at least one of the designated accessible guest rooms, there are several elements with operable parts that require a tight grasping and twisting of the

wrist to operate or are otherwise inoperable in violation of sections 309 and 309.4 of the 2010 Standards for Accessible Design.

  g. There are storage elements within at least one of the designated accessible guest rooms that do not comply with the reach ranges specified in section 308 of the 2010 Standards for Accessible Design, in violation of sections and 804.5 and 811.3 of the 2010 Standards for Accessible Design.

  h. In at least one of the designated accessible guest rooms, the water closet does not have the toilet flush control is not located on the open side of the water closet; in violation of section 604.6 of the 2010 Standards for Accessible Design.

  i. There are fewer than two water fountains provided within the Facility; in violation of section 211.2 of the 2010 Standards for Accessible Design.

  j. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

 19. The discriminatory violations described in Paragraph Eighteen (18) of this Complaint are not an exclusive list of the Defendant's ADA violations.

 20. In instances where the 2010 Standards of Accessible Design do not apply, the 1991 ADAAG standard applies and all of the violation stated in Paragraph Eighteen (18) can be applied to the 1991 ADAAG standards.

 21. The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 C.F.R. 36.302 et seq.

22. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because the absence of auxiliary aids and services.

23. Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists at the Facility. Plaintiff has standing to require that all barriers to access at the Facility for the mobility-impaired are corrected, not merely only those that the Plaintiff personally encountered.

24. Defendant's failure to remove the barriers to access identified in Paragraph Eighteen (18) herein constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. § 12188(b)(1)(B)(i) and 28 C.F.R. 36.503(a).

25. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public

accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402, 403 and 406; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

26. The Facility is place of public accommodation within the meaning of Title III of the ADA and must be, but is not, in compliance with the ADA and the 2010 Standards for Accessible Design.

27. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense to the Defendant. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. 36.304.

28. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until the Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to the Defendant.

29. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Facility as alleged in Paragraph Eighteen (18) of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the ADA.

30. Plaintiff desires to visit the Facility in the near future not only to avail himself of the goods and services available at the Facility, but to assure himself that the Facility is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the Facility without fear of discrimination.

31. Plaintiff is aware that it will be a futile gesture to re-visit the Facility until it becomes compliant with the ADA, unless he is willing to suffer further discrimination.

32. Notice to the Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. §36.508(a). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

33. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendant to alter the Facility to make same readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the Facility until such time as the Defendant cures its violations of the ADA.

35. Because the Defendant has engaged in the acts and practices described above, the Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, the Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that the Defendant has violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., 28 C.F.R. pt. 36 by failing to bring the Facility into compliance with the 2010 Standards for Accessible Design where it is readily achievable to do so; and by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the 2010 Standards for Accessible Design.

B.  Order the Defendant to make all readily achievable alterations to the Facility; or to make same readily accessible to and usable by individuals with disabilities to the extent required by the ADA; to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because the absence of auxiliary aids and services.

C.  Award Plaintiff his reasonable attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.  Order such other appropriate relief as this Court deems just and proper, and/or allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted this 2nd day of December 2014.

By: /s/ Ayla M. Walker
**AYLA M. WALKER, ESQ.**
Florida Bar No.: 98824
Ayla M. Walker, P.A.
401 E. Las Olas Blvd, Suite #1400
Fort Lauderdale, FL 33301
Telephone: (954) 800-3280
Facsimile: (954) 337-3181
Email: Awalker@amwlaw.org
*Attorney for Plaintiff, Leland Foster*